```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

-------------------------------x
                               :
JOHN DOE                       :    Civ. No. 3:16CV01380(AWT)
                               :
v.                             :
                               :
YALE UNIVERSTY                 :
                               :    October 12, 2016
-------------------------------x
```

**RULING ON PENDING MOTIONS**

This matter is before the Court on review of plaintiff John Doe's ("plaintiff") Complaint and Motion for Leave to Proceed in Forma Pauperis [Doc. #2]. Plaintiff has also filed a Motion to Seal Case [Doc. #3] and Motion to Proceed in Fictitious Name [Doc. #4]. For the reasons set forth herein, plaintiff's Motion for Leave to Proceed in Forma Pauperis [**Doc. #2**] is **GRANTED**; the Motion to Seal Case [**Doc. #3**] is **DENIED**; and the Motion to Proceed in Fictitious Name [**Doc. #4**] is **GRANTED**.

I.   Background

Plaintiff brings this 66 page Complaint against Yale University ("defendant" or "Yale") alleging that the "case arises out of actions taken by Defendant ... concerning false allegations of sexual misconduct made against [plaintiff], a male student at Yale with an otherwise unblemished academic and disciplinary record, made by Jane Roe ... a female student at Yale at the time of the allegation." Doc. #1, Complaint at ¶2.

1

Plaintiff alleges: "This lawsuit will explore ... how the Yale administration lapses into gender biased prejudices that require women to be protected and men punished, and see women as innocent, men as guilty[.]" Doc. #1, Complaint at ¶9. Ultimately, plaintiff alleges that Yale wrongly found him to have engaged in non-consensual sex with a fellow student, which was reported in plaintiff's permanent record, and therefore has negatively impacted his prospects for post-graduate education and employment opportunities. See generally Doc. #1, Complaint. Plaintiff asserts the following counts: (1) Erroneous Outcome under Title IX of the Education Amendments of 1972; (2) Selective Enforcement under Title IX of the Education Amendments of 1972; (3) Breach of Contract; (4) Breach of the Covenant of Good Faith and Fair Dealing; (5) Estoppel and Reliance; (6) Negligent Infliction of Emotional Distress; (7) Negligent Supervision; and (8) a request for permanent injunctive relief. See generally id. In addition to equitable relief, plaintiff also seeks monetary damages. See id.

**II. Motion to Proceed in Forma Pauperis**

Plaintiff has filed a motion seeking to proceed without payment of fees and costs, along with a financial affidavit. See Doc. #2. Plaintiff alleges that he is unemployed earning no income, and that his monthly expenses, including a phone bill, legal bills and student loan payments, total $204 per month. See id. at 3-5. Plaintiff also attests to having less than $1,000 in

2

any bank or savings association. See id. at 4. This is sufficient information to establish that plaintiff is "unable to pay" the ordinary filing fees required by the Court. 28 U.S.C. §1915(a)(1). Accordingly, the Court **GRANTS** plaintiff's Motion for Leave to Proceed in Forma Pauperis. [**Doc. #2**]

### III. Review of Complaint

The determination of whether an in forma pauperis plaintiff should be permitted to proceed under 28 U.S.C. §1915 involves two separate considerations. The Court must first determine whether the plaintiff may proceed with the action without prepaying the filing fee in full. See 28 U.S.C. §1915(a). The Court has already addressed that issue. Second, section 1915 provides that "the court shall dismiss the case at any time if the court determines that" the case "is frivolous or malicious" or "fails to state a claim on which relief may be granted[.]" 28 U.S.C. §1915(e)(2)(B)(i),(ii). In the interest of efficiency, the Court reviews complaints under this provision shortly after filing to determine whether the plaintiff has stated a cognizable, non-frivolous claim.

The Court construes complaints filed by self-represented parties liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court exercises caution in dismissing a case under section 1915(e) because a claim that the Court perceives as likely to be unsuccessful is not necessarily frivolous. See

3

Neitzke v. Williams, 490 U.S. 319, 329 (1989). In addition, "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim[,]" the Court will permit "a pro se plaintiff who is proceeding in forma pauperis" to file an amended complaint that attempts to state a claim upon which relief may be granted. Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 796 (2d Cir. 1999).

Here, the Court has reviewed the allegations of the Complaint pursuant to 28 U.S.C. §1915(e)(2) and finds that the claims asserted are sufficient to proceed to service of process on the defendant.[1]

**IV. Motion to Seal Case [Doc. #3]**

Plaintiff has filed a motion to seal the entirety of this case, "and at the very least all personally identifying documents and information[.]" Doc. #3 at 1.

"A presumption of immediate public access attaches to judicial documents under both the common law and the First Amendment." Keenan v. Town of Gates, 414 F. Supp. 2d 295, 296 (W.D.N.Y. 2006) (quoting Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 113 (2d Cir. 2006)) (internal quotation marks omitted). Indeed, "[b]oth the Supreme Court and the Second Circuit have

---

[1] The Court makes no findings as to whether the allegations of the Complaint would be sufficient to survive a motion to dismiss, only that the Complaint is not plainly frivolous.

recognized that the public has a right of access to court records[,]" and "[a]s a consequence, there is a strong presumption against sealing any court records to public inspection." T.K. v. Waterbury Bd. of Educ., No. 303CV1747(MRK), 2003 WL 22909433, at *1 (D. Conn. Oct. 19, 2003) (citation omitted). "Although the right of public access to court records is firmly entrenched and well supported by policy and practical considerations, the right is not absolute. ... In most cases, a judge must carefully and skeptically review sealing requests to insure that there really is an extraordinary circumstance or compelling need." In re Orion Pictures Corp., 21 F.3d 24, 27 (2d Cir. 1994) (citations omitted).

The basis for plaintiff's sealing request is to protect his "identity and reputation as the whole purpose of this filing is to salvage reputational damages and wrongs done to me." Doc. #3 at 1. Plaintiff also proffers that he requests "anonymity due to being a victim of sexual violence." Id. Such representations fail to present the clear and compelling reasons which would overcome the presumption of public access to court records. Plaintiff may protect his identity by proceeding in a fictitious name, as plaintiff has requested, and the Court will consider below. Furthermore, the plaintiff's status as an alleged victim of sexual violence does not support sealing the entirety of this case. See, e.g., Doe v. Hicks, No. 15CV1123(AVC) (D. Conn. filed

July 23, 2015); Doe v. New Haven, No. 13CV1025(WWE) (D. Conn. filed July 17, 2013); Doe v. East Haven Bd. Of Educ., No. 02CV780(CFD) (D. Conn. filed May 6, 2002). Indeed, some courts will not even permit victims of sexual violence to proceed under a fictitious name. See, e.g., Doe v. Shakur, 164 F.R.D. 359, 361-62 (S.D.N.Y. 1996) ("Other courts faced with a request by a victim of a sexual assault seeking to prosecute a civil case under a pseudonym have also concluded that the plaintiff was not able to do so." (collecting cases)).

Plaintiff's sealing request also fails because it is not narrowly tailored to serve the interests plaintiff proffers for maintaining this matter under seal. "[O]rdinarily, a court must make [a sealing] determination on the basis of a careful document-by-document review of the particular portions of the document that a party wishes to be kept under seal and after considering whether the requested order is no broader than necessary to serve the interests that require protection." Rossi v. W. Haven Bd. of Educ., No. 3:03CV1247(MRK), 2005 WL 839661, at *1 (D. Conn. Apr. 8, 2005) (citation omitted). Accordingly, "[a] blanket sealing order such as that requested by [plaintiff] would rarely, if ever, be appropriate." Id.; see also T.K., 2003 WL 22909433, at *1 (same); D. Conn. L. Civ. R. 5(e)(3) (requiring that an "order sealing a judicial document ... include particularized findings demonstrating that sealing is supported

6

by clear and compelling reasons and is narrowly tailored to serve those reasons."). This District's Local Civil Rules further mandate that: "Except as permitted or required by federal law, no civil case shall be sealed in its entirety." D. Conn. L. Civ. R. 5(e)(2). Plaintiff provides no federal law pursuant to which the Court is required or permitted to seal this case.

Accordingly, plaintiff's Motion to Seal the Case [**Doc. #3**] is **DENIED**. If during the course of this action plaintiff believes that a particular item should be filed under seal, he shall follow the procedures outlined in Local Civil Rule 5 in making a request to seal that particular item.

**V.   Motion to Proceed in Fictitious Name [Doc. #4]**

Plaintiff has also filed a Motion to Proceed in Fictitious Name to "protect [his] identity and all reputational damages that [he is] trying to protect by filing this lawsuit." Doc. #4 at 1.

Rule 10 of the Federal Rules of Civil Procedure generally requires that parties to a lawsuit identify themselves in their respective pleadings. See Fed. R. Civ. P. 10(a). "This requirement, though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 188-89 (2d Cir. 2008). "One reason for this rule is to protect the public's legitimate interest in knowing all the facts and events surrounding court

7

proceedings. Under appropriate circumstances, however, the district court has the discretion to allow plaintiffs to use fictitious names. But such discretion should be exercised only in exceptional cases." Doe v. Wal-Mart Stores, Inc., No. 3:96CV1789(AHN), 1997 WL 114700, at *1 (D. Conn. Feb. 25, 1997) (citations omitted).

"[T]he interests of both the public and the opposing party should be considered when determining whether to grant an application to proceed under a pseudonym. Accordingly, ... when determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." Sealed Plaintiff, 537 F.3d at 189. In balancing these interests, the Second Circuit has directed district courts to consider the following, non-exhaustive list:

> (1) whether the litigation involves matters that are "highly sensitive and [of a] personal nature[;]" (2) "whether identification poses a risk of retaliatory physical or mental harm to the ... party [seeking to proceed anonymously] or even more critically, to innocent non-parties[;]" (3) whether identification presents other harms and the likely severity of those harms, including whether "the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity[;]" (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age[;] (5) whether the suit is challenging the actions of the government or that of private parties[;] (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims

anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court[;] (7) whether the plaintiff's identity has thus far been kept confidential[;] (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity[;] (9) "whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities[;]" and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff[.]

Sealed Plaintiff, 537 F.3d at 189-90 (internal citations omitted).

The balance of the factors delineated above weighs in favor of plaintiff proceeding anonymously: (1) the allegations are highly sensitive and personal as they relate to the alleged sexual conduct of plaintiff and an unidentified third-party, Jane Roe; (2) identification of plaintiff may pose a risk of mental harm to a third party, as exposing the name of plaintiff could inadvertently identify Jane Roe; (3) the injury litigated against, namely the harm suffered by plaintiff as a result of Yale's findings on his academic record, would be incurred as a result of the disclosure of plaintiff's identity here; (4) plaintiff, a recent graduate of Yale, is particularly vulnerable to the possible harms of disclosure because if his identity were disclosed, it could further jeopardize his post-graduate education and employment prospects; (5) the Court does not find that Yale would be prejudiced at this stage of the proceedings if

9

the plaintiff is permitted to proceed anonymously[2]; (6) the identify of plaintiff has thus far been kept confidential[3]; and (7) there does not appear to be any alternative mechanism for protecting the confidentiality of the plaintiff.

Although there is law in this Circuit that disfavors proceeding in a fictitious name, here the Court finds that if plaintiff were to proceed in his given name, the relief sought, namely to rehabilitate his reputation, would be mooted, as exposing his name here would create a permanent public record of exactly the matters plaintiff seeks to expunge. Additionally, as opposed to sealing the entirety of the case, allowing plaintiff to proceed in a fictitious name appears to be a narrowly tailored remedy properly designed to protect the plaintiff's privacy. Accordingly, plaintiff's Motion to Proceed in Fictitious Name [**Doc. #4**] is **GRANTED**.

---

[2] If after being served with process Yale has reason to believe that it will be prejudiced by plaintiff proceeding under a fictitious name, Yale may file an appropriate motion. Additionally, should this matter proceed to trial, plaintiff may need to publicly disclose his identity.

[3] Plaintiff's complaint references Yale's confidentiality policy surrounding the investigation of complaints. Although plaintiff contends that Yale violated this policy by sharing certain findings with Jane Roe, there is no indication that plaintiff's identity has otherwise been disseminated to the general public. See, e.g., Doc. #1, Complaint at ¶122.

**VI. Conclusion**

For the reasons set forth herein, plaintiff's Motion to Proceed in Forma Pauperis [**Doc. #2**] is **GRANTED**; the Motion to Seal Case [**Doc. #3**] is **DENIED**; and the Motion to Proceed in Fictitious Name [**Doc. #4**] is **GRANTED**.

The Clerk of the Court is directed to unseal this case, except that the Motion to Proceed in Forma Pauperis [**Doc. #2**], the Motion to Seal Case [**Doc. #3**] and the Motion to Proceed in a Fictitious Name [**Doc. #4**] shall remain under seal as plaintiff's given name is used in the caption and signature block. **On or before October 26, 2016,** plaintiff shall file identical versions of these documents which replace his given name in both the caption and signature block with the fictitious name.

This is not a Recommended Ruling. This is a non-dispositve ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard or review. See 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the District Judge upon motion timely made.

SO ORDERED at New Haven, Connecticut this 12th day of October, 2016.

                                   /s/
                                   HON. SARAH A. L. MERRIAM
                                   UNITED STATES MAGISTRATE JUDGE