# EXHIBIT P

# NEW HAVEN REGISTER

https://www.nhregister.com/connecticut/article/Yale-grad-sues-university-claims-his-rights-were-11314317.php

## Yale grad sues university, claims his rights were violated because he's male

**Lawsuit against the university claims harassment, 'hostile environment'**

Published 8:24 pm EDT, Thursday, April 6, 2017

NEW HAVEN >> A 2015 **Yale University** graduate has sued the university, claiming school officials reprimanded him when he mentioned rape in a philosophy paper and that the incident influenced Yale's response when two women falsely accused him of sexual misconduct.

**A lawsuit filed in February** by "**John Doe**" claims that, because he is male, he was denied his due process rights under **Title IX of the federal Education Amendments of 1972** and the **14th Amendment to the U.S. Constitution**. The lawsuit cites numerous incidents in which Doe was allegedly harassed and rebuked by officials with Yale's **University-Wide Committee on Sexual Misconduct** and by chaplains in a Yale-affiliated religious center.

The suit names Yale University and two officials who are charged with handling reports of sexual misconduct: **David Post**, chairman or acting chairman of the University-Wide Committee; and **Jason Killheffer**, a senior Title IX coordinator.

Doe's attorney, **Susan Kaplan** of the **Kaplan Law Firm** in New York City, called the Title IX complaint "novel" because, she said, Doe not only was wrongfully accused of sexual misconduct, but was subject to "pretty severe and ongoing harassment" that made Yale's campus a "hostile environment."

Doe first came to the notice of Yale officials because he mentioned rape to illustrate a point in a paper about Plato's "Republic," which the lawsuit states he used "in a philosophical, non-sexual context."

**Yale Press** Secretary **Thomas Conroy** issued a statement saying, "The suit is legally baseless and factually inaccurate, and Yale will offer a vigorous defense." He referred to **Yale's sexual misconduct policies**, which state, "All members of our community are

protected from sexual misconduct, and sexual misconduct is prohibited regardless of the sex of any party involved."

The suit alleges Pamela Schirmeister, a Title IX coordinator, called Doe into a meeting to discuss his paper and "complained that John's choice to employ 'rape' to illustrate and support his inquiry in his assigned academic papers made him a person of interest to Defendant that necessitated intervention to ensure that John was not a perpetrator himself," the lawsuit states.

John's use of rape to illustrate a philosophical point "really doesn't raise eyebrows; there's nothing offensive about it," Kaplan said. "The only thing about it is using the word 'rape,' which is a hot potato word."

Kaplan said John was "called into the Title IX office for what seems to be a thought crime. … The only thing offensive about it is that it was written by the wrong gender." Kaplan said John "was no longer permitted to have any interaction with the female teaching assistant who complained about him."

The second incident recounted in the lawsuit began when Doe, who was a virgin, entered into a consensual sexual relationship with "Jane Doe." The complaint describes in detail how the relationship between John and Jane allegedly grew increasingly emotionally intense and how, through texts, emotional outbursts and an angry physical attack against him in January 2014, John Doe was allegedly sexually harassed and became a victim of "intimate partner violence."

John, Jane and a second woman who complained about John, "Sally Roe," all were involved with a particular center on campus, the lawsuit states. After meeting her at a party, John had sex once with Sally, which infuriated Jane, according to the suit.

John Doe denies ever coercing Jane or Sally to engage in sexual behavior, Kaplan said. "Jane recanted her claim" and Sally's claim "was essentially made up," she said.

Sally Roe later made an informal complaint to a Title IX coordinator, according to the lawsuit, claiming that John Doe was stalking her, and Yale officials tried to arrange a "voluntary no-contact order." John Doe objected to that as he had close friends at the residential college where Sally Roe lived and where he spent much of his time.

Kilheffer then brought a formal complaint against John Doe, "because of a pattern of allegations involving restraint in both complaints," the lawsuit states.

However, according to the lawsuit, "John was found to be not responsible for any of the claims set forth in the [University-Wide Committee] complaint, and that the basis for Sally's feelings of dislocation and distress were unfounded and determined that 'the frequency and intensity of [John's] presence did not ... rise to the level of stalking as contemplated by the Sexual Misconduct Policy.'"

The suit lists the ways John Doe allegedly was harassed by Yale staff members, including being put on probation; being forced to take sensitivity training; having a chaplain state that he should be castrated; not being allowed to travel as part of a program because one of his accusers was going to be in the same place; having a no-contact order placed on him; and being given inadequate counsel (an English professor) at his hearing before the University-Wide Committee.

"Yale seemed to have no restraint in giving him trouble," Kaplan said, calling the university's actions "very low level but [which] wouldn't have happened" to a female.

John Doe's complaint relies partly on the change in how sexual misconduct cases have been handled since 2011, when a so-called Dear Colleague Letter was issued by the U.S. Department of Education's Office of Civil Rights. Before that time, Kaplan said, Title IX complaints primarily focused on women's access to sports, but the letter explicitly "deputized Yale and other private schools [with] the duty to identify and adjudicate sexual assaults," she said.

As a result of the letter, colleges and universities set up internal procedures for handling complaints, many of which do not rise to the level of criminal conduct. Yale's University-Wide Committee on Sexual Misconduct handles such complaints from its students.

According to John Doe's lawsuit, "The Dear Colleague Letter primarily identifies females as complainants or victims. To illustrate its bias toward female complainants, the Letter, among other things, warns education institutions that they must 'never' view the 'victim at fault' for sexual violence particularly if drugs or alcohol was involved."

The letter states: "Public and state-supported schools must provide due process to the alleged perpetrator. However, schools should ensure that steps taken to accord due process rights to the alleged perpetrator do not restrict or unnecessarily delay the Title IX protections for the complainant."

However, Kaplan said, "Due process rights are variable and expand depending on the magnitude of the issue. ... Someone facing being suspended from school on the face of it would not seem to be a big deal. Your due process rights are less."

Kaplan said private universities such as Yale are not bound to offer the same constitutional protections as state-supported schools. "Private schools ... are treated like private clubs, guilds, private professional organizations," Kaplan said. "It is self-governing. It can make up its own rules."

She argues in the complaint that the 14th Amendment due process protections should apply to private schools as well as public institutions. Being accused of sexual assault and facing possible suspension or expulsion is "devastating to your college career," Kaplan said.

"Therefore, the argument is, students facing sexual assault (accusations) should have expanded due process rights under the 14th Amendment because they're facing extreme damage to their reputation [and] almost irredeemable damage to their education." Other schools will not accept students with such an accusation on their record, she said.

According to the lawsuit, "The loss of constitutional due process protections for John was the loss of representation by an attorney in the Jane matter (John had the right to an attorney in the Sally matter) even though the allegations against John constituted a felony, notice of a complaint that has specific allegations that constitute a violation of Yale's sexual misconduct policies, cross examination of witnesses, and direct review of primary witness testimony and evidence, a clear burden of proof on the complainant, and a right to defenses and counter claims for the accused."

That "mandate therefore gutted if not eliminated any trace of constitutional rights/due process rights for the accused," the lawsuit states.

Kaplan said John Doe has suffered because of the ordeal. "While it is true that he graduated and has his degree, his experience at Yale has interfered with his ability to move on with his life," she said, including a desire to go to law school.

*Call Ed Stannard at 203-680-9382.*

 Recommended For You

**New Haven man arrested in Hamden on gun, drug counts**

**Police: Three Hamden teens arrested in New Haven, 2 guns seized**

© 2018 Hearst Communications, Inc.

HEARST